UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLARENCE D. JOHNSON,
    Plaintiff,

v.                                                     CIVIL ACTION NO.
                                                        14-11274-MPK

WELLS FARGO BANK,
    Defendant.

## MEMORANDUM AND ORDER

For the reasons set forth below: (1) plaintiff's Application to Proceed Without Prepayment of Fees is Allowed; (2) denies the motion to seal; (3) denies the motion for counsel; and (4) within 35 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause why this action should not be dismissed or he shall file an Amended Complaint which cures the deficiencies noted below.

## BACKGROUND

On March 21, 2014, Clarence D. Johnson ("Johnson"), a resident of Clinton, Maryland, filed an Application to Proceed Without Prepayment of Fees along with his self-prepared complaint. Plaintiff subsequently filed a motion to seal and a motion for appointment of counsel.

Named as defendant in the case caption of the complaint is Wells Fargo Bank. Complaint ("Compl."). Plaintiff states that he "once again" files a complaint against Wells Fargo "for illegal conduct and unauthorize[d] movement of several of [plaintiff's] bank accounts which has caused [plaintiff] to not be able to open up an account because of illegal activity (Bank

Robbery) by outside agency's." Id. at p. 1. In his complaint, plaintiff states that he plans to name the Internal Revenue Service because "there is illegal fraudulent activity by way of drafts and other illegal movement by I.R.S." Id. at p. 2. For relief, plaintiff seeks "7 million in U.S. Dollars" and "prosecution of whoever in which ever the court feels best this is a[n] ongoing problem with stealing [plaintiff's] identify." Id. at p. 3.

The Court's records indicate that Mr. Johnson previously filed five cases in the District of Massachusetts. See Johnson v. Shady Grove Adventist Hospital, et al., C.A. No. 13-12584-FDS (Jan. 6, 2014, dismissed for failure to state a claim); Johnson v. Sheet metal Local #100, et al., C.A. No. 13-13223-NMG (pending); Johnson v. Evans, et al., C.A. 14-10864-JGD (pending); Johnson v. United States Judges, C.A. No. 14-11273-DPW (pending); and Johnson v. North Carolina Unemployment, C.A. No. 14-11325-GAO (pending).

Moreover, a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff filed six frivolous actions in other federal district courts last year. See Johnson v. Denver Gen. Dist. Court, 1:2013-cv-01475 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Police Dept, 1:2013-cv-12584 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Co. Govt., 1:2013-cv-00286 (E.D. Va. June 19, 2013);

Johnson v. IRS, 1:2013-cv-00385 (E.D. Va. Mar. 26, 2013); Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013); Johnson v. Ebenezer Baptist Church, 1:2013-cv-00430 (E.D.Va. Aug. 15, 2013).  The instant action almost identical to Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013).

## PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  See 28 U.S.C. § 1915(a)(1).  Upon review of plaintiff's financial disclosures, the request to proceed in forma pauperis is hereby ALLOWED.

## SCREENING

Because plaintiff has sought to proceed without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of Section 1915 of Title 28, the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2); Neitzke v.

Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

## DISCUSSION

**A.   Claim Preclusion**

The prior decision in Johnson v. Wells Fargo, No. 13-00419 (E.D. Va. Apr. 9, 2013) bars plaintiff's present suit under the doctrine of claim preclusion.  Claim preclusion, also known as res judicata, prevents the relitigation of claims that a party "had the opportunity and incentive to fully litigate . . . in an earlier action."  Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008).

Generally, claim preclusion is an affirmative defense that must be pleaded, not raised sua sponte.  Fed. R. Civ. P. 8(c).  However, "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'"  In re Colonial Mortgage Bankers Corp., 324 F.3d 12 (1st Cir. 2003) (citing Bezanson v. Bayside Enterps., Inc., In re Medomak, 922 F.2d 895, 904 (1st Cir. 1990).

There are three essential elements for the preclusive effect to apply:  "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause[s] of action; and (3) a prior final judgment on the merits."  McDonough

4

v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006). With respect to the second element, causes of actions are identical if they derive "from the same transaction or series of connected transactions." Id. Thus, "claims not actually raised [in prior litigation] will be barred if they arise from the same common nucleus of facts as the claims that were litigated." Kucharski v. Tribeca Lending Corp., 620 F. Supp. 2d 147, 150 (D.Mass. 2009).

Because it is plain that the claims asserted in the present action were already asserted against the defendant in the 2013 federal litigation, the claims in the instant action are precluded by the earlier judgment.

**B.   Failure to State a Claim**

At a minimum, to state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more than a mere allegation that the defendant has harmed him [or her]. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint must "give

5

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the complaint is subject to dismissal because Johnson has not set forth a short and plain statement of his claim. Although the complaint vaguely alleges fraudulent activity, the Court cannot discern the alleged facts. In short, the complaint fails to state a claim upon which relief may be granted and the defendant cannot be expected to provide a meaningful response to the allegations.

**C. Subject Matter Jurisdiction**

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively.

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. <u>Baker v. Carr</u>, 369 U.S. 186, 198, 82 S.Ct. 691, 699-700, 7 L.Ed.2d 663 (1962).

Here, it does not appear that the Court has subject matter jurisdiction over this action. Jurisdiction does not exist under Section 1331 because the plaintiff has not identified a cause of action under federal law.[1] Although plaintiff alleges that the parties reside in different states, jurisdiction may not exist under Section 1332 because plaintiff has not alleged that the amount in controversy exceeds $75,000. The federal plaintiff bears the burden to establish that the minimum amount in controversy has been met. <u>Abdel-Aleem v. OPK Biotech LLC</u>, 665 F.3d 38, 41 (1st Cir. 2012); <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 4 (1st Cir. 2001) ("as the party seeking to invoke jurisdiction, Spielman has the burden of showing that he has met

---

[1] Plaintiff's complaint references 13:1551 and 13:1518. The Census Act is contained in Title 13 of the United States Code and it likely that plaintiff intended to reference Title 12 concerning Banks and Banking.

7

the statutory requirements"). Johnson fails to meet that burden and this Court lacks subject matter jurisdiction over this action.

**D. Filing of an Amended Complaint**

If Johnson wishes to pursue this action, he must file an amended complaint to replace the original complaint. In addition to compliance with Rule 8 of the Federal Rules of Civil Procedure, discussed above, the amended complaint should conform with the pleading requirements of the other federal rules of civil procedure.

### PLAINTIFF'S MOTIONS TO IMPOUND AND FOR COUNSEL

To the extent plaintiff seeks to seal the documents in this action, the Court has a process for having confidential materials impounded, i.e. filed under seal. See District of Massachusetts Local Rule 7.2. Rule 7.2 (d) explains that motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise.

A case filed in federal court and the documents filed in the case are presumed to be public. See In re Providence Journal Co., Inc., 293 F.3d 1, 13-14 (1st Cir. 2002); In re Auerhahn, 650 F. Supp. 2d 107, 112 (D. Mass. 2009) (Wolf, J.). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." National Org. for Marriage v. McKee, 649 F.3d 34, 70

(1st Cir. 2011), cert. denied, – U.S. –, 132 S. Ct. 1635, 183 L.Ed. 233 (2012) (internal citation and citation to quoted cases omitted). Here, Johnson fails to follow the procedures outlined in Local Rule 7.2 and, more importantly, offers no reason to seal this case. Thus, his request to impound the proceedings is denied.

To the extent he seeks appointment of counsel, the motion is denied without prejudice to renewing after filing an amended complaint.

ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's request to proceed in forma pauperis is ALLOWED.

2. If the plaintiff would like to proceed with this action, he must, within thirty-five (35) days of the date of this memorandum and order, demonstrate good cause why this action should not be dismissed for the reasons stated above or he shall file an Amended Complaint. Failure to comply with the directives contained in this Memorandum and Order may result in a dismissal of this action.[2]

3. Plaintiff's Motion to Appoint Counsel is denied without prejudice.

4. Plaintiff's Motion to Seal is Denied.

5. Summons shall not issue pending further order of the

---

[2]This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Upon receipt of Plaintiff's response to this Memorandum and Order, the undersigned will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review of Plaintiff's response.

Court.

SO ORDERED.

July 7, 2014                                   /s/ M. Page Kelley
DATE                                           M. PAGE KELLEY
                                               UNITED STATES MAGISTRATE JUDGE