UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLARENCE D. JOHNSON,

    Plaintiff,

    v.                                   CIVIL ACTION NO.
                                        14-11274-MPK

WELLS FARGO BANK,

    Defendant.

ORDER FOR REASSIGNMENT AND
<u>REPORT AND RECOMMENDATION</u>

Kelley, M.J.

    On March 21, 2014, Clarence D. Johnson ("Johnson"), a resident of Maryland with a current address in Boston,[1] filed an Application to Proceed Without Prepayment of Fees along with his self-prepared complaint naming Wells Fargo Bank as defendant. In brief, Johnson alleges that he "once again" files a complaint against Wells Fargo "for illegal conduct and unauthorize[d] movement of several of [plaintiff's] bank accounts which has caused [plaintiff] to not be able to open up an account because of illegal activity (Bank Robbery) by outside agency's." Complaint ("Compl."), p. 1.

    The Court's records reveal that Johnson previously filed

---

[1] Johnson's signatures on his most recent pleadings are followed by this Massachusetts address: 39 Boylston Street, Boston, MA 02118. He failed to file a notice of change of address in accordance with Rule 83.5.2(e) of the Local Rules.

five cases in the District of Massachusetts,[2] and a search of PACER reveals that plaintiff filed six frivolous actions in other federal district courts last year.[3]

On July 7, 2014, this Court issued a Memorandum and Order (Docket No. 9) granting Johnson's Motion for Leave to Proceed *in forma pauperis*, denying his motion for counsel and finding that the decision in Johnson v. Wells Fargo, No. 13-00419 (E.D. Va. Apr. 9, 2013) bars plaintiff's present suit under the doctrine of claim preclusion. The Memorandum and Order noted that the instant action is almost identical to Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013).

The July 7th Memorandum and Order also advised Johnson that his complaint is subject to dismissal for lack of subject matter jurisdiction and for failing to set forth a short and plain statement of his claim. In light of this, Johnson was

---

[2] Johnson v. Shady Grove Adventist Hospital, et al., C.A. No. 13-12584-FDS (Jan. 6, 2014, dismissed for failure to state a claim); Johnson v. Sheet Metal Local #100, et al., C.A. No. 13-13223-NMG (pending); Johnson v. Evans, et al., C.A. 14-10864-JGD (pending); Johnson v. United States Judges, C.A. No. 14-11273-DPW (Jul. 7, 2014, dismissed as legally frivolous); and Johnson v. North Carolina Unemployment, C.A. No. 14-11325-GAO (Jul. 7, 2014, dismissed as legally frivolous).

[3] Johnson v. Denver Gen. Dist. Court, 1:2013-cv-01475 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Police Dept, 1:2013-cv-12584 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Co. Govt., 1:2013-cv-00286 (E.D. Va. June 19, 2013); Johnson v. IRS, 1:2013-cv-00385 (E.D. Va. Mar. 26, 2013); Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013); Johnson v. Ebenezer Baptist Church, 1:2013-cv-00430 (E.D.Va. Aug. 15, 2013). The instant action almost identical to Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013).

granted thirty-five days either to file an amended complaint or show cause why this action should not be dismissed. Johnson's response was due by August 11, 2014.

On July 24, 2014, Johnson filed a one-page motion (Docket No. 11) seeking "to move cases to another jurisdiction Worcester Fed Courthouse." Johnson seeks transfer of this action to the Court's Central Division in Worcester "on the grounds of discrimination [by the] U.S. Crmnl (sic) Attorney's office and Judge Dennis Saylor/Civil District Court and Circuit Court case manager system." The Court notes that this case was assigned pursuant to Local Rule 40.1 (D) (assignment of civil cases) and there is no reason to transfer this action to the Central Division. <u>See</u> Local Rule 40.1(F) (permitting transfer for good cause show).

Although the Court did not rule on Johnson's transfer motion, he filed his one-page show cause response on August 28, 2014. <u>See</u> Docket No. 12 (entered on docket 09/12/2014). Johnson's show cause response was filed more than two weeks after the Court imposed deadline. <u>See</u> Docket. The response simply requests additional time in order for Johnson "to get informative Bank Accounts from Wells Fargo [concerning illegal and unauthorized] activity." <u>See</u> Docket No. 12.

<u>ORDER FOR REASSIGNMENT</u>

For the reasons stated in the Court's July 7th Memorandum and Order, and plaintiff having failed to show good cause why

3

this action should not be dismissed, this Court will direct that the file be returned to the Clerk's Office for <u>REASSIGNMENT</u> to a District Judge for further proceedings.

## RECOMMENDATION TO THE DISTRICT JUDGE

Despite the fact that it was not timely filed, I have considered Johnson's show cause response. The show cause response simply asks the Court for an extension of time to discover additional bank account information from Wells Fargo Bank. I find that an extension of time for this purpose is not warranted. Johnson fails to address the issue of whether the instant action is precluded by the earlier federal judgment and has failed to file an amended complaint that would provide this Court with subject matter jurisdiction.

Johnson failed to show cause why this action should not be dismissed. Thus, in accordance with this Court's order dated March 24, 2014, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2) the Court recommends that this action be dismissed.

## NOTICE OF RIGHT TO OBJECT

Johnson is hereby advised that, under the provisions of Federal Rule of Civil Procedure 72, if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court <u>within fourteen days of his receipt of this recommendation</u>. The written objections

must specifically identify the portion of the proposed recommendation to which objections are made and the basis for such objections. Johnson is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's motion (Docket No. 11) to transfer action is DENIED;

2. This action shall be REASSIGNED to a District Judge;

3. This Court RECOMMENDS to the District Judge to whom this case is assigned that this action be DISMISSED; and

4. The Clerk shall mail copies of this Order for Reassignment and Report and Recommendation to plaintiff at the Maryland address listed on the docket and to 39 Boylston Street, Boston, MA 02118.

SO ORDERED.

September 15, 2014            /s/ M. Page Kelley
DATE                               M. PAGE KELLEY
                                         UNITED STATES MAGISTRATE JUDGE